CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 08 2016

JULIA DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH VALENTINE AWE,<br>    Petitioner, | Civil Action No. 7:14-cv-00396 |
| v. | MEMORANDUM OPINION |
| WARDEN OF THE RED ONION<br>STATE PRISON,<br>    Respondent. | By:  Hon. Michael F. Urbanski<br>       United States District Judge |

Kenneth Valentine Awe, a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge a detainer allegedly lodged by a court in Missouri. Respondent filed a motion to dismiss referencing documents outside the pleadings, causing its conversion to a motion for summary judgment, and the time for Petitioner to respond expired.[1] After reviewing the limited record, I grant Respondent's motion for summary judgment.

Petitioner was convicted and sentenced in Missouri and was released on parole. He applied for, and was granted, a transfer of his parole supervision to Wisconsin to allow him to move there. Petitioner was on active parole supervision in Wisconsin when he absconded from parole in 2008.

On April 2, 2009, the Circuit Court for Chesterfield County, Virginia, sentenced Petitioner to ten years' incarceration for robbery, grand larceny, and credit card fraud.[2] The Virginia Department of Corrections took custody of Petitioner on June 23, 2009, for the ten-year sentence.[3] Once officials in Wisconsin learned of Petitioner's incarceration in Virginia, the

---

[1] Petitioner received notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), about converting a motion to dismiss into a motion for summary judgment.

[2] Petitioner received approximately 309 days' prior-jail credit toward the ten-year sentence.

[3] While confined in the VDOC, Petitioner has been sentenced to additional criminal charges, which has extended the total length of time he will be incarcerated in Virginia. However, these convictions are not pertinent to resolving this case.

Wisconsin Department of Corrections lodged a detainer for Petitioner's return. Accordingly, Petitioner will be transferred into the custody of the Wisconsin Department of Corrections once he completes the sentences imposed by Virginia courts.

However, the petition clearly challenges an alleged detainer issued by a court in Missouri. The court cannot grant relief about an alleged detainer from Missouri that does not exist. Petitioner may challenge the legitimacy of Wisconsin's detainer by pursuing habeas remedies in Wisconsin.[4] Accordingly, Respondent's motion for summary judgment must be granted. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 8th day of April, 2016.

/s/ Michael F. Urbanski
United States District Judge

---

[4] The issuance of a detainer "is an act of the state based on the state's law and process." Esposito v. Mintz, 726 F.2d 371, 373 (7th Cir. 1984). Therefore, "[p]rinciples of comity and federalism" limit a district court's jurisdiction under § 2241 to review only complaints that a state detainer has "adverse effects on the conditions of [the petitioner's] confinement." Norris v. State of Georgia, 522 F.2d 1006, 1012 (4th Cir. 1975). Petitioner has not made such a claim.
    When a petitioner challenges the validity of another jurisdiction's detainer, rather than its impact on his present confinement, the proper vehicle for such a claim is 28 U.S.C. § 2254. Id. Unlike a § 2241 petition properly filed in the district in which the inmate is confined, a § 2254 petition must be filed in the district in which the detainer originated, which in this case is Wisconsin. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 496-94 (1973); Word v. North Carolina, 406 F.2d 352, 355-56 (4th Cir. 1969). Moreover, a petitioner seeking relief under § 2254 must first exhaust all available state remedies prior to filing a federal petition. 28 U.S.C. § 2254(b); see Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) (noting the burden to prove exhaustion is with the petitioner).

2